LOLLEY, J.
11Defendant, Eola Pennywell Latin, appeals a judgment of the 42nd Judicial District Court, Parish of DeSoto, State of Louisiana, denying an exception of no cause of action and granting a permanent injunction which enjoined her from erecting a fence over an existing right of passage belonging to plaintiff, Saundra Pen-nywell Bigham. For the reasons stated herein, we reverse the trial court’s judgment.
Facts
By act of donation dated June 27, 1986, Saundra Pennywell Bigham (“Saundra”), acquired a one acre tract of land (“Saundra’s tract”) from her grandparents, J.D. and Mattie Pennywell. A 50-foot right of *77 passage was provided for in the donation, which was described as follows:
Included in this donation is a right of way and easement for the purposes of ingress to and from the above described property over and across property owned by Donors described as follows, to wit:
A 0.469 acre, more or less, tract of land in the SW 1/4 of the NW 1/4 of Section 15, T15N, R14W, DeSoto Parish, Louisiana and being more particularly described as follows: From the Southwest corner of the NW 1/4 of Section 15, T15N, R14W, run thence North 405 feet, thence run East 10971 feet to the point of beginning of the tract herein described, thence run South 208.71 feet, thence run South 11 degrees East 199.97 feet to the North right of way line of a blacktop road, thence run East along said right of way 50.94 feet, thence run North 11 degrees West 199.97 feet, thence run North 208.71 feet, thence run West 50 feet to the point of beginning. Said right of way and easement is to be a predial servitude and is to be perpetual, inuring to the benefit of Donee, her heirs, successors and assigns.
To gain a better understanding of this case, it is helpful to provide some background information regarding Saundra’s tract and its relation to |2the parties involved. A copy of a survey prepared by John R. Bowman & Associates is attached as Appendix “A” for additional reference.
At some point in the 1940s Saundra’s grandparents, J.D. and Mattie Pennywell (“J.D. and Mattie”), acquired an unspecified amount of land in Section 15, Township 15N, Range 14W of DeSoto Parish, located off what is now Missile Base Road (“the estate”). In 1964, J.D. and Mattie sold a portion of the estate to their son, J.D. Pennywell Jr. (“J.D. Jr.”), who continues to live on a parcel of land north of the property at issue in this case. At the time of the 1964 sale, and apparently for many years prior, there was a private road which ran off of Missile Base Road through the estate granting access to various parts of the estate including Saundra’s tract.
In 1988, J.D., Mattie, and J.D. Jr. all participated in a donation, giving each of J.D. and Mattie’s five children, including J.D. Jr., separate portions of the estate. As part of this donation, the defendant, Eola Pennywell Latin (“Eola”), received a 24.5-acre tract of land. The property donated to Eola completely surrounds Saundra’s tract, and includes a portion of the private road and all of the right of passage described above.
Thereafter, on May 28, 2005, J.D. Jr. donated a two-acre tract of land out of the portion he received in the 1988 donation to Saundra’s son, Johann Cooke (“Johann”). Johann’s property lies along the private road approximately 200 feet to the north of the northernmost property boundary of Saundra’s tract but is not contiguous to it. Notably, Johann is not a party to this lawsuit.
| ..Litigation between Saundra and Eola began in November of 2010, when Saundra filed for injunctive relief as a result of Eola erecting two fences which Saundra asserted interfered with her use of the private road — one fence that encroached on her property to the south, and a second fence that completely blocked the private road to the north. Based on these allegations, the trial court issued a preliminary injunction against Eola on April 4, 2011, and enjoined her from interfering with Saundra’s use of the private road. Eola removed both fences and conceded Saundra’s ownership of the right of passage from Saundra’s northernmost property boundary south to Missile Base Road. Eola, however, continued to dispute that Saundra’s right of passage extends north across her property, *78 giving Saundra direct access to Johann’s home site.
In response, Eola filed an exception of no cause of action, arguing that Saundra does not own a right of passage beyond her northernmost property boundary. However, the trial court deferred the exception to trial on the merits. Nearly two years later, trial in the matter was held on January 13, 2014, to determine whether a permanent injunction should be issued against Eola, forever barring her from interfering with Saundra’s use of the private road. After hearing testimony and after reviewing the acts of donation whereby Saundra and Johann acquired their respective properties, the trial court found that Johann’s servitude is incorporated and described in Saundra’s servitude of passage as set forth in her donation. As such, Saundra has a right by virtue of her deed to use the private road to access |4Johann’s property approximately 200 feet to the north of her own. It is from this judgment that Eola appeals.
Discussion
Echoing her argument at trial, on appeal Eola does not dispute that Saundra owns a right of passage or that a right of passage was included in the 1986 donation whereby Saundra acquired her one-acre tract of land. Instead, E ola’s position relates to whether the right of passage, by title, or otherwise, extends beyond the northernmost boundary line of Saundra’s tract. According to Eola, the trial court erred when it found that Johann’s servitude is incorporated into Saundra’s right of passage, and as such, Saundra has a right by virtue of her deed to use the private road to access Johann’s property to the north. We agree.
A predial servitude is a charge on a servient estate for the benefit of the dominant estate. La. C.C. art. 646. Predial servitudes are either apparent or nonap-parent. A road is an apparent servitude inasmuch as it is perceivable by exterior signs. La. C.C. art. 707. Apparent servi-tudes may be acquired by title, by destination of the owner, or by acquisitive prescription. La. C.C. art. 740. Doubt as to the existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the servient estate. La. C.C. art. 730.
Here, the record is clear that the parties are relying on title to prove the existence of Saundra’s right of passage. Although there were arguments advanced by both parties at trial evidencing acquisitive prescription, the trial court expressly rejected this theory and noted that the parties ultimately | .^believed it not to be an issue. Therefore, our analysis will examine only whether Saundra’s title, in particular the language found in the 1986 act of donation whereby she acquired her property and the accompanying survey performed by John R. Bowman & Associates, establishes that Saundra’s right of passage extends north beyond her northernmost property boundary.
After a careful and complete review of these documents, it is clear that the right of passage granted to Saundra extends only from the northwest corner of her property south to Missile Base Road. Nowhere in the act of donation or the survey does the right of passage extend north beyond Saundra’s northernmost property boundary allowing her access to other parts of the property.
Moreover, an examination of the metes and bounds description found in the act of donation establishes that Saundra’s right of passage does not extend beyond her northernmost boundary. In particular, from the point of beginning (Saundra’s northeast property boundary), the right of passage runs south for a precise distance to Missile Base Road. From Missile Base *79 Road, the right of passage runs east for approximately 50 feet, and then north along the private road for approximately the same distance as it ran south. Then, the right of passage runs west for approximately 50 feet back to the point of beginning. Again, nowhere does the right of passage granted to Saundra extend north beyond her northernmost property boundary allowing her access to other parts of the property.
Accordingly, the trial court’s erroneous interpretation of the documentary evidence is legal error. The servitude granted to Saundra as | ^specifically set forth in the 1986 act of donation, and confirmed by the survey performed by John R. Bowman & Associates, extends only from Saundra’s northernmost property boundary south to Missile Base Road, specifically giving Saundra access to and from her property. In essence, the trial court’s ruling gave Saundra more rights than her title purports to convey, which constitutes a clear error.
Finally, the issue of whether Johann’s use of the private road was disturbed is not before this Court as Johann is not a named party to this lawsuit.
Conclusion
So considering, the trial court’s judgment enjoining Eola Pennywell Latin is reversed. All costs of this appeal are assessed to Saundra Pennywell Bigham.
REVERSED.
17Appendix A
*80 [[Image here]]